**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO:**

ALLISON LAM, on behalf of herself
and all others similarly situated,

    Plaintiff(s),
v.

BVN 16, LLC d/b/a BLACK MARKET BAYSIDE,
and ERICK PASSO, individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, ALLISON LAM ("Plaintiff") on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, BVN 16 LLC d/b/a BLACK MARKET BAYSIDE ("Black Market Bayside") and ERICK PASSO ("Passo"), individually, (Black Market Bayside and Passo collectively referred to as "Defendants"), for their failure to pay restaurant Servers and Bartenders in accordance with the Fair Labor Standards Act ("FLSA"), as follows:

**INTRODUCTION**

1. Plaintiff brings this collective action under FLSA on behalf of herself and all restaurant Servers and Bartenders who work or have worked at the Black Market Bayside restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132 during the previous three (3) years. Defendants have violated the tip provisions of the FLSA by retaining a percentage of tips earned by Servers and Bartenders each shift they work, notwithstanding the March 23, 2018, amendment to the FLSA which expressly prohibits an employer from retaining *any* portion of tips earned by an employee *regardless* of whether the employer takes a tip credit. As a result, Plaintiff,

and similarly situated Servers and Bartenders have been deprived of tips and federal minimum wages during various workweeks within the statute of limitations.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. Plaintiff and the FLSA putative collective members are/were restaurant Servers and Bartenders who worked for Defendants within the last three (3) years at the Black Market Bayside restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132.

4. Plaintiff worked for Defendants as a restaurant Server and Bartender at the Black Market Bayside restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132 for various workweeks between on or about August 4, 2021, and on or about October 10, 2021.

5. The proposed collective members worked for Defendants in the same capacity as Plaintiff in that they were restaurant Servers and/or Bartenders for Defendants at the same Black Market Bayside restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132 during the previous three (3) years.

6. Plaintiff seeks certification of one collective under 29 U.S.C. § 216(b) for violations of the FLSA, as follows:

> **Tip Surrender Collective: All Servers and Bartenders who worked for Defendants during the previous three (3) years who were required to surrender any of their tips to Defendants and did not sign a class or collective waiver.**

7. The precise size and identity of the collective should be ascertainable from the business records, tax records, and/or personnel records of Defendants; however, Plaintiff estimates that the total number of collective members exceeds 100 restaurant Servers and Bartenders.

8. During all times material hereto, Defendant, BVN 16 LLC d/b/a Black Market Bayside, was a Florida limited liability company operating and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

9. Defendant, Passo, is a resident of Miami-Dade County, Florida, and is subject to the jurisdiction of this Honorable Court.

10. During all times material hereto, Defendants owned, operated, and controlled the Black Market Bayside Restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132.

11. Defendants were the "employer" of Plaintiff and all members of the Tip Surrender Collective as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein.

12. Defendants were also "joint employers" of Plaintiff and all members of the Tip Surrender Collective as that term is defined by the FLSA, FMWA, and all pertinent regulations during all times material hereto.

13. During all times material hereto, Defendant, BVN 16 LLC d/b/a Black Market Bayside, was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Black Market Bayside Restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132.

14. During all times material hereto, Defendant, Passo, was also vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Black Market Bayside restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132.

15. Defendants implemented uniform pay, tip, and time-keeping practices at the Black Market Bayside restaurant that have applied to all restaurant Servers and Bartenders employed during the previous three (3) years.

16. Plaintiff and collective members are/were non-exempt, hourly restaurant Servers and Bartenders during all times material hereto.

## JURISDICTION AND VENUE

17. This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendants.

18. The acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

19. Defendants regularly transact business in Miami-Dade County, Florida, and jurisdiction is therefore proper.

20. Venue is also proper within Miami-Dade County, Florida.

## FLSA COVERAGE

21. Defendant, BVN 16 LLC d/b/a Black Market Bayside, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22. During all time periods pertinent hereto, Defendant, Black Market Bayside's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken,

pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, vinegar sauce, shrimp, beef, steak, potatoes, bread, hot sauce, cheese, marinara sauce, pretzels, buns, nachos, calamari, chicken tenders, jalapenos, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other goods and materials that had previously travelled through interstate commerce.

23. Defendant, BVN 16 LLC d/b/a Black Market Bayside, had gross annual revenue in excess of $500,000.00 in 2020, 2021, 2022 and is expected to have gross annual revenue in excess of $500,000.00 in 2023.

## **GENERAL ALLEGATIONS**

24. Defendant Black Market Bayside owns and operates the Black Market Bayside restaurant which offers a bayside dining experience to patrons in the downtown Miami area.

25. Defendant Black Market Bayside employs Servers and Bartenders to provide a high quality customer service and dining experience to Defendants' patrons.

26. During all times material hereto, Defendant, Passo, was an owner and corporate officer of BVN 16 LLC d/b/a Black Market Bayside.

27. Servers and Bartenders employed by Defendants share substantially the same duties and responsibilities in that they provide customer service to customers dining in the front-of-house section of the restaurant.

28. Defendant, Passo, had supervisory authority over Plaintiff and all other Servers and Bartenders during all times material hereto.

29. Plaintiff worked for Defendants as a non-exempt, Server and Bartender during her employment period.

30. All Servers and Bartenders employed by Defendants during the previous three (3) years were also non-exempt, hourly Server and/or Bartender employees.

### **DEFENDANT REQUIRES SERVERS AND BARTENDERS TO SURRENDER PORTIONS OF THEIR TIPS TO DEFENDANT EACH SHIFT**

31. During the relevant time period Plaintiff and other Servers and Bartenders were required to surrender a portion of their tips each shift to Defendants.

32. Defendants fully retained tips taken from Servers and Bartenders during the previous three (3) years.

33. Defendants regularly enforce this policy against all Servers and Bartenders.

34. Defendants violated the Section 216(b) of the FLSA by retaining a portion of the tips earned by Plaintiff and members of the collective.

35. As a result, Plaintiff and the collective members are entitled to recover all tips improperly pilfered by Defendants during the relevant time period, plus an additional equal amount of liquidated damages.

36. The additional persons who may become Plaintiffs in this action are Servers and/or Bartenders similarly situated to Plaintiff who were required to surrender any portion of their hard-earned tips to Defendants during the past 3 years.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and collective members are in the possession and custody of Defendants.

### **COLLECTIVE ALLEGATIONS**

38. Members of the Tip Surrender Collective are treated equally and similarly by Defendants in that they were required to surrender a portion of their hard-earned tips to Defendants each shift during the previous three (3) years.

39. Defendants employed dozens of Servers and Bartenders at the Black Market Bayside Restaurant located at 401 Biscayne Blvd., Unit 225-N, Miami, FL 33132 who were required to surrender a portion of their tips to Defendants within the past three (3) years.

40. Plaintiff and the members of the Tip Surrender Collective at Black Market Bayside performed the same job duties, as Servers and Bartenders, and were treated in an identical manner by Defendants, in that they were all required to surrender a portion of their tips to Defendants.

41. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the members of the Tip Surrender Collective in accordance with the law.

### COUNT I – FLSA TIP VIOLATIONS – 29 U.S.C. § 203(m) & 29 U.S.C. § 207
**Defendant's Unlawful Retention of Tips**

42. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 41 as though set forth fully herein.

43. Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

44. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[1]

---

[1] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

45. During the relevant time period, Defendants enforced a restaurant-wide policy that required Plaintiff and similarly situated Servers and Bartenders to surrender a portion of the tips they earned each shift to Defendants for Defendants' benefit.

46. This policy was enforced by Defendants and became unlawful effective March 23, 2018. Defendants nevertheless have continued to enforce this policy, and on information and belief, still enforce this unlawful policy to this day.

47. Plaintiff and similarly situated Servers and Bartenders are entitled to recover the tips that they were required to surrender to Defendants during the previous three (3) years, plus an equal amount of liquidated damages, and all reasonable attorney's fees and costs incurred in the prosecution of these claims.

WHEREFORE, Plaintiff, ALLISON LAM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, BVN 16 LLC d/b/a BLACK MARKET BAYSIDE and ERICK PASSO, individually, and award Plaintiff: (a) recovery of all unlawfully retained tips to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ALLISON LAM, on behalf of herself and the collective demands a trial by jury on all appropriate claims.

**Date: May 1, 2023**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Michael@usaemploymentlawyers.com
Jake@jordanrichardspllc.com
catherine@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 1, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1018372

## SERVICE LIST