ALLISON LAM, on behalf of herself
and all others similarly situated,

    Plaintiff(s),
v.

BVN 16, LLC d/b/a BLACK MARKET
BAYSIDE, and ERICK PASSO, individually,

    Defendants.
_____/

**PLAINTIFFS' *AGREED* MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE SETTLEMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL AS COLLECTIVE COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND COLLECTIVE ACTION SETTLEMENT PROCEDURE AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, ALLISON LAM VILLAGRA, Opt-in Plaintiff, DESTINY VILLANUEVA, and Opt-in Plaintiff, CURTIS SANTOS ("Plaintiffs"), hereby file this Agreed Motion for Preliminary Approval of Conditional Settlement, Appointment of Plaintiffs' Counsel as Counsel for the Collective, and Approval of the Proposed Notice of Settlement and Collective Action Settlement Procedure and Memorandum of Law in Support, as follows:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants, BVN 16, LLC d/b/a BLACK MARKET BAYSIDE and ERICK PASSO ("Defendants") own and operate the restaurant Black Market Bayside (the "Restaurant") in Miami, Florida. Plaintiffs allege that during periods within the past three (3) years Defendants employed Front-of-the-House Employees ("FOH Employees") that were required to surrender tips to a tip pool. Plaintiffs allege that supervisors and managers participated in the tip pool in violation of 29 U.S.C. § 203(m) and failed to compensate these FOH Employees in accordance with the Fair Labor Standards Act ("FLSA"). Plaintiffs and Defendants (herein after the "Parties") have settled Plaintiffs' claims at mediation on a collective basis for significant monetary relief up to $147,500.00 (the "Settlement Fund"). The proposed settlement (the "Settlement") satisfies all of the criteria for preliminary approval. Because notification must be disseminated to the members

of the collective (the "Settlement Collective Members") prior to Final Approval the members of a Settlement Collective Members must have an opportunity to object to the Settlement. Attached to this motion is the Stipulated Collective Action Settlement Agreement (the "Agreement") executed by the Parties. The Agreement contains detailed provisions related to the Notice to the Settlement Collective and the timeframes agreed upon by the Parties. *See* **Exhibit A**.

With this agreed motion, the Parties respectfully requests that the Court: (1) grant preliminary approval of the Agreement ("Settlement Agreement"); (2) certify the collective for purposes of the Settlement; (3) preliminarily approve the Settlement and proposed Notice of Collective Action Settlement ("Notice"); and (3) approve the proposed schedule for final settlement approval, as outlined herein.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### a. Factual Allegations

Defendants own and operate the Restaurant. Plaintiff, ALLISON LAM VILLAGRA, worked for Defendants as a Bartender from July 19, 2021 through March 27, 2022 [D.E. 1]. Opt-in Plaintiff, DESTINY VILLANUEVA, worked for Defendants as a Bartender from September 1, 202 through December 15, 2021 [D.E. 29-1]. Opt-in Plaintiff, CURTIS SANTOS, worked for Defendants as a busser from August 8, 2021 through May 1 2022 [D.E. 30-1]. Plaintiffs each surrendered tips to the Restaurant's tip pool.

Plaintiff filed this collective action on May 1, 2023 for violations of the FLSA association with the Restaurant's mangers improperly participating in the tip pool [D.E. 1]. On July 17, 2023 Plaintiffs filed their Motion for Conditional Certification [D.E. 33]. On September 5, 2023, the Court granted the Motion for Conditional Certification [D.E. 37]. The Court conditionally certified a collective of FOH Employees that worked for the Defendants during the prior three (3) years that surrendered their tips and did not execute a class or collective waiver. Including Plaintiffs, there are approximately 390 current and former FOH Employees who worked for Defendants and comprise the Settlement Collective Members.

### b. Procedural History

Plaintiff commenced this lawsuit by filing his Collective Action Complaint for Damages and Demand for Jury Trial on May 1, 2023 [D.E. 1]. Plaintiff thereafter filed a Second Amended Collective Action Complaint for Damages and Demand for Jury Trial ("SAC") to expand the

putative collective from servers and bartenders to FOH Employees [D.E. 28]. Defendants filed their Answer and Affirmative Defenses to the SAC on July 12, 2023 [D.E. 31].

### c. Discovery

Plaintiffs propounded two (2) rounds of written discovery in this case and Defendants produced over documents concerning the payroll records kept and maintained by Defendants during the relevant time period. In addition, Plaintiffs' counsel conducted an extensive interview with Plaintiffs concerning the veracity of these documents and comparing the documentation to information kept and maintained by Plaintiff during the course of his employment.

### d. Settlement Negotiations

On July 20, 2023, the Parties attended a settlement conference via Zoom with Magistrate Judge Damien. During that settlement conference, the Parties did not resolve the claims, but were able to make some progress concerning the scope and viability of certain claims in this case.

### e. Mediation

The Parties had mediation scheduled for September 18, 2023 [D.E. 19]. The Court's September 5, 2023 Order granting conditional certification undoubtedly assisted in the Parties resolving this matter [D.E. 40]. The Parties resolved the matter on a collective basis and agreed that: (1) Defendants would establish the Settlement Fund; (2) Plaintiffs' Counsel ("Counsel for the Collective") would send notification to the Settlement Collective Members; (3) the Settlement Fund would be based upon a calculation involving the amount of paychecks issued to each FOH Employee during the relevant time period; (4) any unclaimed funds from the Settlement Fund would revert to Defendants; (3) the Plaintiffs would execute general releases for additional consideration; (4) the attorneys' fees and costs would be deducted by the Settlement Fund; (5) and many other conditions that are memorialized in the attached Agreement.

### III. SUMMARY OF THE SETTLEMENT TERMS

### a. The Settlement Fund

Defendants have agreed to create a settlement fund of up to $147,500.00. *See* Settlement Agreement attached to **Exhibit A**. The Fund will cover payments to the Settlement Collective Members, Court-approved attorney's fees and costs, Court-approved consideration payments to Plaintiffs for resolution for entering a mutual general release with Defendants, and the costs of administering the settlement. *Id*.

### b. Eligible Collective Members

The Settlement Collective Members consist of approximately 390 FOH Employees identified by Defendants who were required to surrender their tips and did not execute a class or collective waiver. The FOH Employees performed work for Defendants at any time between May 1, 2020, and May 1, 2023. *Id.*

### c. Allocation Formula

Settlement Collective Members who timely submit claim forms, will be paid pursuant to an allocation formula based on the number of paychecks each member received during the relevant time period. *Id.* An IRS Form W2 shall be issued by the appropriate Defendants to Plaintiffs and to each Settlement Collective Member to whom compensation is found to be owed pursuant to the settlement terms, as applicable under IRS regulations. *Id.* Pursuant to the allocation formula, Settlement Collective Members will receive a $40.32 for each paycheck received during the relevant time period. *See* Settlement Agreement.

### d. Attorney's Fees and Litigation Costs

Counsel for the Collective will apply for approximately forty percent (40%) of the Settlement Fund as attorney's fees ($59,000.00) and reimbursable costs as well in the amount of $1,000.00.[1] Counsel for the Collective will file a formal motion for approval of fees and costs along with their motion for final approval of the settlement. The Agreement is not conditioned on the award of attorney's fees, and explicitly states that it is to be considered separately from any application for attorney's fees. *See* **Exhibit A**. The Court need not decide the attorney's fees and costs issue now, with respect to the Settlement.

### e. Consideration for Plaintiffs' Mutual General Release

---

[1] This is within the range of a typical fee award in a common fund case. *See, e.g.,* Seghroughni v. Advantus Rest., Inc., 2015 WL 2255278 at *1 (M.D. Fla. 2015) ("An attorney's fee… which is one-third of the settlement fund… is fair and reasonable in light of the results obtained by the Lead Counsel, the risks associated with this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases"); Wolff v. Cash 4 Titles, 2012 WL 5290155 at *4 (S.D. Fla. 2012) ("One-third of the recovery is considered a standard in a contingency fee agreement"); Willix v. Healthfirst, Inc., 2011 WL 754862 at *7 (E.D.N.Y. 2011) ("Class Counsel's request 33 1/3% of the fund is reasonable and 'consistent with the norms of class litigation…'"); Hosier v. Mattress Firm, Inc., 2012 WL 2813960 at *4 (M.D. Fla. 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorney's fees and costs); Morefield v. NoteWorld, LLC, 2012 WL 1355573 (S.D. Ga. 2012) (class settlement approved with 33 1/3 of the common fund payable as attorney's fees); Atkinson v. Wal-Mart Stores, Inc., 2011 WL 6846747 at *6 (M.D. Fla. 2011) (approving class settlement with one-third of maximum common fund apportioned as attorney's fees).

In addition to their award under the allocation formula as a Settlement Collective Member, Plaintiffs will also each receive payment in the amount of $5,000.00 as consideration for the mutual general release. *See* **Exhibit A.** Separate consideration paid to a class representative from the common fund in exchange for executing a general release is permissible and the Court should permit the consideration payment for the collective settlement. *See, e.g.,* Teahl v. Lazy Flamingo, Inc., 2016 WL 4942067 (M.D. Fla. 2016) (Approving additional payment to class representative in FMWA class action settlement from the common fund in exchange for class representative's execution of a general release).

IV. **COLLECTIVE ACTION SETTLEMENT PROCEDURE**

With this motion, the Parties respectfully request that the Court take the first step – granting preliminary approval of the Agreement and approving the proposed Notice. The parties respectfully submit for the Court's approval the following schedule for final resolution of this matter:

1. Within five (5) calendar days of the Court granting preliminary approval, the Defendants will provide the Counsel for the Collective with the full legal names and contact information for all Settlement Collective Members, including last known addresses, email addresses, and telephone numbers. *See* Settlement Agreement at **Exhibit A**.

2. Within ten (10) calendar days of the Court granting preliminary approval, Counsel for the Collective will send via U.S. Mail, e-mail, and text message the Notice to the Settlement Collective Members *See* Settlement Agreement at Exhibit A.

3. Defendants shall display Notice of the Settlement in a conspicuous area within Black Market Bayside within five (5) business days of the entry of the Preliminary Approval Order in the form attached as Exhibit "B" to the Settlement Agreement.

4. Settlement Collective Members will have fifty (50) calendar days after the date the Notice is mailed to submit a claim form or object to the settlement ("Notice Period"). *Id.*

5. A final fairness hearing will be held as soon as is convenient for the Court.

6. Counsel for the Collective will file a Motion for Final Settlement Approval no later than 14 days before the fairness hearing.

7. Counsel for the Collective will contemporaneously file a Motion for Approval of Attorney's Fees and Costs when the Motion for Final Settlement Approval is filed.

8. After the fairness hearing, if the Court grants the Parties' Motion for Final Settlement Approval, Defendants shall issue the Settlement Payments to any verified the Settlement Collective Members within the timeframe contained in the Settlement Agreement. Defendants shall also issue payment to Counsel for Collective for attorneys' fees, costs, and administration expenses as stated in the Settlement Agreement. *See* Settlement Agreement.

9. Amounts allocated for the Settlement Fund that are not claimed by the Settlement Collective Members or any Settlement Collective Member that does not cash their settlement check within ninety (90) days of issuance shall be retained by and revert back to the Defendants.[2] *Id.*

Significantly, Counsel for the Collective has agreed to administer the claim in-house. This would eliminate the need for a claims administrator that would deduct thousands of dollars from the Settlement Fund.

This process safeguards the Settlement Collective Members' procedural due process rights to object to the Settlement and enables the Court to fulfill its role as the guardian of the Settlement Collective Members' interests. GERALDINE LOCHREN & TOMEKA WOODS, Plaintiffs, v. HORNE LLP, Defendant, No. 6:21-CV-1640-WWB-LHP, 2023 WL 5934541 (M.D. Fla. Aug. 9, 2023) citing *Mygrant v. Gulf Coast Rest. Grp., Inc.*, No. CV 18-0264-WS-M, 2019 WL 4620367, at *2 (S.D. Ala. Sept. 23, 2019); *Copeland-Stewart v. N.Y. Life Ins. Co.*, No. 8:15-cv-159-T-23AEP, 2016 WL 231237 (M.D. Fla. Jan. 19, 2016); *Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2011 WL 7071062 (M.D. Fla. Dec. 29, 2011), *report and recommendation adopted*, 2012 WL 177533 (M.D. Fla. Jan. 23, 2012); *Perez v. Avatar Holdings, Inc.*, 2008 WL 11470949, *report and recommendation adopted by* 6:07-cv-792-Orl-28DAB, Doc. No. 44 (May 15, 2008).

## V. **PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

In exercising their discretion, courts should give "proper deference to the private consensual decision of the parties." *See, e.g.,* Torres v. Gristede's Operating Corp., 2010 WL

---

[2] Claims-made class action settlements are frequently approved, even if unclaimed funds revert back to defendants. *See* Williams, 2021 WL 8129371 at *35 *citing* Casey v. Citibank, No. 12-cv-820 (N.D.N.Y.) (ECF No. 222 at 6); Lemus v. H & R Block Enters. LLC, 2012 WL 3638550 (N.D. Cal. 2012) (approving, over objections, claims-made settlement in wage case where unclaimed funds reverted to the defendants); Atkinson v. Wal-Mart Stores, Inc., 2011 WL 6846747 at *5 (M.D. Fla. 2011) (approving claims-made settlement with full revision in class action case).

2572937 at *2 (S.D.N.Y. 2010). At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." In re Checking Acct. Overdraft Litig., 275 F.R.D. 654, 661 (S.D. Fla. 2011)

"Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *See, e.g.,* Smith v. Wm. Wrigley Jr. Co., 2010 WL 2401149 at *2 (S.D. Fla. 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manural for Complex Litigation,* Third 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery").

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Newberg* 11.25. A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval', or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *See, e.g.,* Fresco v. Auto Data Direct, Inc., 2007 WL 2330895 at *5 (S.D. Fla. 2007) *quoting* Armstrong v. Board of School Directors, 616 F.2d 305, 312 (7th Cir. 1980); *Newberg* 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness… and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members); Danieli v. IBM, 2009 WL 6583144 at *4 (S.D.N.Y. 2009) (granting preliminary approval where the settlement "ha[d] no obvious defects" and the proposed allocation plan was "rationally related to the relative strengths and weaknesses of the respective claims asserted").

"Fairness is determined upon review of both terms of the settlement agreement and the negotiating process that led to such agreement." *See, e.g.,* Frank v. Eastman Kodak Co., 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." Wal-Mart Stores, 396 F.3d at 116. "A court, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." Canupp v. Liberty Behavioral Healthcare, Corp., 447 2011 WL 6003986 (11th Cir. 2011) *quoting* Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).

The first step in the settlement process simply allows notice to issue to the Settlement Collective and for Settlement Collective Members to object to the Settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Settlement Collective Members' input.

## VI. PROPOSED NOTICES ARE APPROPRIATE

The contents of the proposed Notice, which is attached to the Stipulated Collective Action Settlement Agreement concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the collective certified; (iii) the collective claims, issues, or defenses; (iv) that a collective member may enter an appearance through counsel if the member so desires; (v) the deadline for submitting a claim form to participate in the Settlement Fund; (vi) the time and manner for objecting to the Settlement ; and (vii) a member's rights should they choose not to participate in the Settlement Fund.

The Notice also explains the allocation formula, the basis on which each Settlement Collective Member's award was determined, and the allocation of attorney's fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing and how to object to the Settlement. This information is adequate to put Settlement Collective Members on notice of the proposed settlement.

## VII. CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court preliminarily approve the settlement, conditionally certify the settlement collective, appoint Plaintiffs' counsel, USA Employment Lawyers – Jordan Richards PLLC, and Jordan Richards, Esq. as Counsel for the Collective, approve the Settlement Notice, and enter the Proposed Order attached hereto.

The Parties move this Court to certify the following collective of similarly situated FOH Employees for the purpose of settlement:

> **All Front-of-the-House employees who worked for Black Market Bayside and Erick Passo from anytime during May 1, 2020 to May 1, 2023 who were required to surrender any of their tips to Black Market Miami and/or Erick Passo and did not sign a class or collective waiver.**

The Parties further requests that the Court enter an order consistent with the Proposed Preliminary Order attached hereto and grant the full relief sough within this agreed Motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to the filing of the instant motion, the Parties conferred and agree as to the relief sought herein.

Respectfully Submitted,

| | |
|---|---|
| **JORDAN RICHARDS PLLC –** <br> **USA EMPLOYMENT LAWYERS** <br> 1800 SE 10th Ave. 205 <br> Fort Lauderdale, Florida 33316 <br> (954) 871-0050 <br> *Counsel for Plaintiff and* <br> *Proposed Collective* <br><br> By: */s/ Michael V. Miller* <br> Michael V. Miller, Esq. <br> Florida Bar No. 64005 <br> michael@usaemploymentlawyers.com | **AARON BEHAR, ESQ.** <br> Florida Bar No. 166286 <br> ab@beharbehar.com <br> BeharBehar <br> 490 Sawgrass Corporate Parkway, Ste. 300 <br> Sunrise, FL 33325 <br> (954) 990-8639 <br> *Counsel for Defendants* <br><br> By: */s/ Aaron Behar* <br> Aaron Behar, Esq. <br> Florida Bar No. 166286 <br> ab@beharbehar.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 3rd day of October 2023.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005

## SERVICE LIST

**AARON BEHAR, ESQ.**
Florida Bar No. 166286
ab@beharbehar.com
BeharBehar
490 Sawgrass Corporate Parkway, Ste. 300
Sunrise, FL 33325
 (954) 990-8639
*Counsel for Defendants*