UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21620-CIV-ALTONAGA/Damian

**ALLISON LAM**, *et al.*,

    Plaintiffs,

v.

**BVN 16, LLC**; *et al.*,

    Defendants.
_____/

## ORDER

On October 4, 2023, the Court entered a Preliminary Approval Order [ECF No. 46] granting preliminary approval to the Stipulated Collective Action Settlement Agreement [ECF No. 45-1], set forth in Plaintiffs' Agreed Motion for Preliminary Approval of Collective Settlement, Appointment of Plaintiffs' Counsel as Collective Counsel, and Approval of the Proposed Notice of Settlement and Collective Action Settlement Procedure and Memorandum of Law in Support [ECF No. 45], filed on October 3, 2023. The Court provisionally certified the case for settlement purposes, approved the procedure for giving notice to the settlement collective members and set a final approval hearing to take place on December 18, 2023. (*See generally* Oct. 4, 2023 Order).

Following the final approval hearing (*see* Paperless Minute [ECF No. 52]), the Court finds that the notice substantially in the form approved by the Court in its October 4, 2023 Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Parties' Joint Motion for Final Approval of Conditional Settlement and Incorporated Memorandum of Law **[ECF No. 49]** is **GRANTED**.

2.      Unless otherwise noted, all capitalized terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement **[ECF No. 45-1]** between Plaintiffs, Allison Lam Villagra, Destiny Villanueva, and Curtis Santos, for themselves and on behalf of the Settlement Collective, and Defendants, BVN 16, LLC and Erick Passo.

3.      This Court has jurisdiction over the subject matter of the action and personal jurisdiction over all parties to the action, including all Settlement Collective Members.

4.      The Court preliminarily approved the Settlement Agreement by the Preliminary Approval Order.  At that time, the Court preliminarily certified a collective of the following individuals for settlement purposes only:

> **all Front-of-the-House employees who worked for Black Market Bayside and Erick Passo anytime from May 1, 2020 to May 1, 2023 and who were required to surrender any of their tips to Black Market Miami and did not sign a class or collective waiver.**

5.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement.

6.      The Court held a Final Approval Hearing on December 18, 2023, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

7.      Based on the papers filed with the Court and the presentations made to the Court by the parties a at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Collective in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in

CASE NO. 23-21620-CIV-ALTONAGA/Damian

maintaining the collective action through trial and appeal.  The complex legal and factual posture of the action, and the fact that the Settlement Agreement is the results of arms'-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

8. No objections to the Settlement Agreement were filed with the Court or received by any party.

9. For settlement purposes only, the Court confirms the appointment of the following counsel as Counsel for the Collective, and finds they are experienced in collective litigation and have adequately represented the Settlement Collective:

> Jordan Richards
> Jordan Richards PLLC
> d/b/a USA Employment Lawyers
> 1800 SE 10th Ave. Suite 205
> Fort Lauderdale, Florida 33316
> Tel: (954) 871-0050
> jordan@jordanrichardspllc.com

10. The Court has determined that the notice given to the Settlement Collective Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Collective Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Collective Members of the pendency of the action and their rights to object to or exclude themselves from the Settlement and to appear at the Final Approval Hearing; and provided due, adequate, and sufficient notice to all persons entitled to receive notice.

11. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder.  The Court approves the payments to those Settlement Collective Members that submitted valid Claims Forms in accordance with the Settlement Agreement.

CASE NO. 23-21620-CIV-ALTONAGA/Damian

12. The Court dismisses the action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

13. The Court approves payment of attorneys' fees, costs, and expenses to counsel for the Collective in the amount of $59,000.00 and reimbursable costs in the amount of $1,000.00. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by counsel for the Collective in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons.

First, the Court finds that the Settlement provides substantial benefits to the Settlement Collective. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by counsel for the Collective. Third, the Court concludes that the Settlement was negotiated in good faith at arms'-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Collective Members. Finally, the Court notes that the notice specifically and clearly advised the Settlement Collective that counsel for the Collective would seek an award up to the amount sought.

14. The Court approves the individual payment to Plaintiff, Allison Lam Villagra, in the amount of $5,000.00 for consideration for a mutual general release, and specifically finds such amount to be reasonable under *Lynn's Food Stores, Inc. v. United States*. *See* 679 F.2d 1350, 1353 (11th Cir. 1982). This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

15. The Court approves the individual payment to Plaintiff, Destiny Villanueva, in the amount of $5,000.00 for consideration for a mutual general release, and specifically finds such

amount to be reasonable. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16. The Court approves the individual payment to Plaintiff, Curtis Santos, in the amount of $5,000.00 for consideration for a mutual general release, and specifically finds such amount to be reasonable. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

17. The Court approves the payment of $1,101.26 to counsel for the Collective for Settlement Administration Expenses, which shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed to enter this Final Approval Order.

19. The parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Collective Members.

20. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

CASE NO. 23-21620-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 18th day of December, 2023.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record